Citation Nr: AXXXXXXXX
Decision Date: 07/30/21 Archive Date: 07/30/21

DOCKET NO. 200304-69524
DATE: July 30, 2021

ORDER

Entitlement to service connection for prostatitis is denied.

REMANDED

Entitlement to an initial disability evaluation in excess of 50 percent for posttraumatic stress disorder (PTSD) is remanded.

FINDINGS OF FACT

1. At no point has the Veteran been diagnosed as having prostate cancer, notwithstanding his presumed exposure to tactical herbicide agents by virtue of his Vietnam service.

2. The preponderance of the evidence is against a finding that the Veteran's prostate disability, diagnosed as prostatitis, was incurred in, caused by, or otherwise related to his active service, to include as due to exposure to tactical herbicide agents.

CONCLUSION OF LAW

A prostate disability, diagnosed as prostatitis, was not incurred in service, and is not otherwise related to service, to include exposure to tactical herbicide agents in service. 38 U.S.C. § 1110, 1112, 1113, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.304, 3.307, 3.309.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from January 1966 to January 1968.

A rating decision was issued under the legacy system in February 2013 and the Veteran submitted a timely notice of disagreement. A Statement of the Case (SOC) was issued on June 16, 2016, and thereafter, the Veteran timely filed his substantive appeal (VA Form 9) appealing the issues to the Board. In April 2019, the Board remanded the issues on appeal for further development. That development was completed, and in February 2020 the AOJ issued a Supplemental Statement of the Case (SSOC) that continued to deny the benefits sought on appeal. 

Thereafter, the Veteran then opted the claims into the modernized review system, also known as the Appeals Modernization Act (AMA), by submitting a March 2020 VA Form 10182, Decision Review Request: Board Appeal. The Board acknowledges that VA Form 10182 identified the June 16, 2016 SOC as the "decision" being appealed, to include the PTSD and prostatitis issues. Although this would technically render the 10182 untimely, it is clear given the context and chronology in which the Veteran has continuously pursued the claims that he was in fact opting-in the current legacy appeal into the AMA system, last adjudicated in a February 2020 SSOC and stemming from the original February 2013 rating decision. Indeed, VA has already acknowledged in an April 2020 letter that the Veteran's appeal had been placed on the Board's Direct Review Docket. Thus, the Board finds the matter is properly within the Board's jurisdiction under the AMA.

1. Entitlement to service connection for prostatitis is denied.

Herein below, the Board is remanding the claim for an increased evaluation for PTSD to obtain outstanding Vet Center records. These records are related to psychiatric counseling and treatment and are irrelevant to the claim for service connection of prostatitis. Accordingly, this claim does not need to be remanded. 38 C.F.R. § 3.159(c)(2). 

Service connection will be granted if it is shown that the Veteran suffers from a disability resulting from personal injury suffered or disease contracted in the line of duty, or for aggravation of a preexisting injury suffered or disease contracted in the line of duty, during active military service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303. Disorders diagnosed after discharge will still be service connected if all the evidence, including that pertinent to service, establishes that the disease was incurred in-service. 38 C.F.R. § 3.303(d).

In order to establish service connection on a direct basis, the record must contain: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

Alternatively, a veteran who, during active military, naval, or air service, served in the Republic of Vietnam during the period beginning on January 9, 1962, and ending on May 7, 1975, shall be presumed to have been exposed during such service to an herbicide agent, unless there is affirmative evidence to establish that the veteran was not exposed to any such agent during that service. 38 U.S.C. § 1116(f); 38 C.F.R. § 3.307(a)(6)(iii). If a veteran was exposed to an herbicide agent during active military, naval, or air service, certain diseases shall be service connected if the requirements of 38 U.S.C. § 1116 and 38 C.F.R. § 3.307(a)(6)(iii) are met, even though there is no record of such disease during service, provided further that the rebuttable presumption provisions of 38 U.S.C. § 1113; 38 C.F.R. § 3.307(d) are also satisfied. 38 C.F.R. § 3.309(e). The enumerated diseases include prostate cancer. 38 U.S.C. § 1116; 38 C.F.R. §§ 3.307(a)(6)(iii), 3.309(e), 3.313, 3.318.

VA has determined there is no positive association between exposure to herbicides and any other condition for which the Secretary has not specifically determined that a presumption of service connection is warranted. See Notice, 68 Fed. Reg.27641 (2003). A presumption of service connection based on exposure to herbicides used in the Republic of Vietnam during the Vietnam Era is not warranted for various conditions and any other condition for which the Secretary has not specifically determined a presumption of service connection is warranted. See Notice, 72 Fed. Reg. 32,395-32,407 (Jun. 12, 2007); see also Notice, 74 Fed. Reg. 21,258 -21260 (May 7, 2009).

Notwithstanding the foregoing, regulations also provide that service connection may be granted for any disease diagnosed after discharge, when all evidence, including that pertinent to service, establishes that the disability was incurred in service. 38 C.F.R. § 3.303(d); Combee v. Brown, 34 F.3d 1039 (Fed. Cir. 1994). A presumption of service connection provided by law is not the sole method for showing causation in establishing a claim for service connection for disability due to herbicide exposure. Stefl v. Nicholson, 21 Vet. App. 120 (2007) (holding that the availability of presumptive service connection for some conditions based on exposure to Agent Orange does not preclude direct service connection for other conditions based on exposure to Agent Orange).

Here, while the Veteran may be presumed to have been exposed to herbicides by virtue of his Vietnam service, he has never been diagnosed as having prostate cancer. A review of the record discloses that the Veteran was first assessed as having prostatitis, also known as benign prostate hypertrophy (BPH) in 2000. See October 2000 Fort Washington Hospital Operative Report. Otherwise, medical records document diagnosis and treatment of prostatitis. No record documents a diagnosis of prostate cancer, and the ability to assess cancer is beyond the purview of the Veteran, a layperson. The issue is medically complex, as it requires specialized medical education and the ability to interpret complicated diagnostic medical testing. Jandreau v. Nicholson, 492 F.3d 1372, 1377, 1377 n.4 (Fed. Cir. 2007). Accordingly, because the Veteran has not had prostate cancer the regulations allowing for service connection of prostate cancer related to presumed exposure to tactical herbicides are inapplicable.

The Veteran contends that his prostatitis is attributable to service, particularly exposure to tactical herbicide agents. His service records document service in Vietnam, and as noted above, he is presumed to have been exposed to tactical herbicide agents.

Although presumptive service connection is not warranted in this regard, service connection may still be established on a direct basis. The question for the Board is whether the Veteran has a current disability that began during service or is at least as likely as not related to an in-service injury, event, or disease.

The Board concludes that, while the Veteran has a current diagnosis of prostatitis, and evidence shows that the Veteran was presumptively exposed to tactical herbicides, the preponderance of the evidence weighs against finding that the Veteran's diagnosis of prostatitis began during service or is otherwise related to an in-service injury, event, or disease.

The Veteran's prostatitis was not assessed until decades after his separation from service. While the Veteran is competent to report having experienced symptoms, e.g. urinary hesitancy, frequency, etc., he is not competent to provide a diagnosis in this case or determine that any such symptoms were manifestations of prostatitis. The issue is medically complex, as it requires specialized education, and the interpretation of complicated diagnostic medical testing. Jandreau v. Nicholson, 492 F.3d 1372, 1377, 1377 n.4 (Fed. Cir. 2007).

Further, the December 2019 VA examiner concluded that exposure to tactical herbicide agents, including Agent Orange had no effect on the prostate. The rationale was that the medical literature did not establish that tactical herbicide exposure resulted in any increased risk of developing prostatitis and that the rates of prostatitis in the general population were equal to that of herbicide-exposed Veterans. The examiner's opinion is probative, because it is based on an accurate medical history and provides an explanation that contains clear conclusions and supporting data. Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 304 (2008). The examiner, moreover, considered the Veteran's specific medical and military history and found no basis to conclude that the Veteran had any increased risk of a prostate condition merely because of his exposure to Agent Orange herbicides in the military. In fact, the examiner opined to the contrary that his risks would be equivalent to that of any other person in the general population. 

The Board finds the December 2019 VA examiner's opinion persuasive and overall meaning unambiguous. That is, it is clear the examiner opined that any exposure to tactical herbicides in the Veteran's case did not result in him developing prostatitis. Cf. Dyment v. West, 13 Vet. App. 141 (1999) (holding medical examiner's word choice is not error where opinion is unambiguous).

The Veteran believes his prostatitis is related to an in-service injury, event, or disease. The Veteran in this case is not competent to provide a nexus opinion regarding this issue. The issue is medically complex, as it requires specialized medical education, and interpretation of complicated diagnostic medical testing. Therefore, it is outside the competence of the Veteran in this case because the record does not show that he has the medical training or credentials to make such a determination. Jandreau v. Nicholson, 492 F.3d 1372, 1377 n.4 (Fed. Cir. 2007); see also Kahana v. Shinseki, 24. Vet. App. 428 (2011). Consequently, the Board gives more probative weight to the VA examiner's opinion.

For these reasons, the Board finds the preponderance of the evidence does not show the Veteran's prostatitis (or any other prostate condition) was incurred in service or is otherwise due to service, to include presumed Agent Orange exposure. The appeal is denied.

REASONS FOR REMAND

1. Entitlement to an initial disability evaluation in excess of 50 percent for PTSD is remanded.

Prior to the February 2020 rating decision on appeal, the Veteran identified relevant outstanding Vet Center psychiatric treatment records. See December 2019 Review PTSD Disability Benefits Questionnaire (DBQ). A remand is required to allow VA to obtain these records. 

The matters are REMANDED for the following action:

1. Attempt to obtain the Veteran's Vet Center records. Any negative search results should be noted in the record and communicated to the Veteran pursuant to 38 C.F.R. § 3.159(e).

2. After the development directed in paragraph 1 has been completed to the extent possible, and any other development deemed necessary by any newly obtained evidence, readjudicate the claim.

 

SHEREEN M. MARCUS

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Joseph R. Keselyak, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.